Argued April 17; affirmed April 30, 1935

## McCLAFLIN *v.* McCLAFLIN
### (44 P. (2d) 164)

*Walter L. Tooze,* of Portland, for appellant.

*Eugene Marsh,* of McMinnville (Vinton & Marsh, of McMinnville, on the brief), for respondent.

KELLY, J. A default decree of divorce was awarded plaintiff based upon her charges of serious misconduct against defendant. At that time the custody of their daughter, now of the approximate age of seven years, was awarded to plaintiff. Later, serious charges were made against plaintiff by defendant as a basis for a modification of said decree in respect to the custody of said child, and a hearing was had; after which

the trial court modified the decree by awarding the custody of the child to her paternal grandmother.

Upon the testimony heard by the trial court upon defendant's application for a modification of said decree, the trial court was warranted in modifying said decree as stated.

It is obvious, however, that if conditions have changed so that the interests of the child will not suffer, if placed in the custody of its mother, that should be done.

The plaintiff testified that the present custodian will not speak to plaintiff; and that, in plaintiff's opinion, the child was being estranged from plaintiff. Moreover, it appears that defendant is living with his parents and the effect of his presence and the absence of the mother must be inimical to the love and respect due from the child to the mother.

Upon oral argument, plaintiff's counsel argued that because an affidavit in support of a motion for leave to file a typewritten instead of a printed brief, discloses that plaintiff is now employed by eminently respectable people, we should hold that the custody of her child should be restored to her. This would involve recourse to a matter outside of the record upon which the trial court acted and which defendant has had no opportunity to refute or rebut.

We are not unaware that to a deserving and worthy mother a serious injustice may be done by depriving her of the custody of a daughter of tender years and that this injustice is augmented if the custody be so awarded that hostile influence of an unworthy father is continuously upon the daughter. Even if the present record disclosed such an unjust state of affairs, however, this court would not be warranted in modifying

the order of the circuit court because there is not a sufficient showing that plaintiff is so situated that she can give her personal attention and care to the child and afford her a proper and adequate home; neither is there a showing that any particular third person, acceptable to plaintiff, is willing to accept the custody of the child and give her the requisite care, supervision and attention.

For these reasons the order of the circuit court, awarding the custody of said child to her paternal grandmother, is affirmed without prejudice, however, to an application by plaintiff for a modification thereof. It is further ordered that neither party recover costs or disbursements herein.

CAMPBELL, C. J., not sitting.